## Henderson's Estate.

*Wills—Construction—Income—Support and maintenance—Annuitant.*

Where a testatrix directs her executors to pay an annuitant $25.00 per month for life "and to keep sufficient funds invested therefor, and in case of sickness, if the said sum is not sufficient for his maintenance" to pay such additional sum as in their judgment may be necessary, and the executors file an account some years after the death of the testatrix, showing a balance on hand of over $41,000, of which over $10,000 was accumulated income, and the orphans' court directs $15,000 to be invested for the annuitant, and distributes the balance to the residuary legatee, such action of the court will not be reversed on appeal, where there is nothing in the will to indicate that the whole fund was to be retained for the protection of the annuitant.

Argued April 26, 1910.   Appeal, No. 401, Jan. T., 1909, by Frank H. Henderson, legatee, from decree of O. C. Erie Co., Sept. T., 1909, No. 26, distributing balance in Estate of Caroline H. Henderson, deceased.     Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Petition for distribution.   Before WALLING, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree of distribution.

*R. H. Chinnock*, with him *J. R. Haughney*, for appellant, cited: Mullen's Est., 14 W. N. C. 144; Cummings v. Cummings, 146 Mass. 501 (16 N. E. Repr. 401); Treadwell v. Cordis, 71 Mass. 341.

*Charles A. Mertens*, for appellee, cited: Chew v. Chew,

28 Pa. 17; Erisman v. Directors of the Poor, 47 Pa. 509; McCready's Est., 7 Phila. 478; McCoy's Est., 23 Pa. Superior Ct. 282; Zugsmith v. Rosenblatt & Co., 15 Pa. Superior Ct. 296.

PER CURIAM, May 24, 1910:

The testatrix provided by her will for the payment of three annuities from the income of her estate and directed her executors to keep sufficient of her personal estate invested to secure their payment.  Two of the annuitants have died and the only persons now having an interest in the estate are the remaining annuitant, who is the appellant, and the residuary legatee.  The provision for the appellant is as follows: "Third, I hereby direct my executors to pay to Frank H. Henderson the sum of twenty-five dollars per month for and during his natural life, and to keep sufficient funds invested therefore, and in case of sickness, if the said sum is not sufficient for his maintenance, I authorize my executors to pay such additional amount as in their judgment may be necessary." The final account of the executors, filed ten years after the death of the testatrix, shows a balance in their hands of $41,542, of which $10,761 was accumulated income. The learned judge of the orphans' court directed that $15,000 should be paid to a substituted trustee for the uses and purposes mentioned in the third paragraph of the will, and awarded the balance to the residuary legatee.

The appellant's contention is that the sum of $15,000 is insufficient to secure the annual payment of $300 to him and to provide for his maintenance in case of sickness, and that the whole personal estate should be held in trust during his life.  This contention cannot be sustained.  No intention that the whole personal estate should be held by the trustee to provide for the appellant can be gathered from the will.  The direction is "to keep sufficient funds invested therefore" and the necessary implication is that the balance should be distributed.  The

amount to be retained was a matter to be determined by the judge of the orphans' court, and nothing short of a clear abuse of discretion would induce an appellate court to disturb his finding. We are satisfied that his discretion was wisely exercised.

The decree of the court is affirmed at the cost of the appellant.